# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRACY L. DANCY,
    Appellant,

    v.

DEPARTMENT OF THE NAVY,
    Agency.

DOCKET NUMBER
SF-0752-16-0006-I-1

DATE: March 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tracy L. Dancy</u>, Ridgecrest, California, pro se.

<u>Joshua Roever</u>, Esquire, China Lake, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal as withdrawn. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2 The appellant retired from her position as an Information Technology Specialist with the agency, effective April 30, 2015. Initial Appeal File (IAF), Tab 8 at 279. Thereafter, in June 2015, she filed a formal equal employment opportunity (EEO) complaint alleging that, in reprisal for her purported prior EEO activity, two contractor employees with the agency, S.B. and M.L., took various actions against her. IAF, Tab 1 at 10, Tab 8 at 102-05. During subsequent correspondence with an EEO counselor, the appellant alleged that her former supervisor failed to assist her when she informed him of S.B.'s and M.L.'s actions and, as a result, she felt forced to retire. IAF, Tab 8 at 42, 162.

¶3 On July 10, 2015, the agency notified the appellant that it was dismissing her formal EEO complaint as untimely.[2] *Id*. at 41-45. Thereafter, the appellant filed a Board appeal, in which, among other things, she challenged the agency's dismissal of her EEO complaint, and raised allegations regarding various actions by contractor employees. IAF, Tab 1 at 2-4. With her appeal form, the appellant included a large volume of documentation pertaining to her EEO complaint. *Id*. at 10-217.

¶4 On October 2, 2015, the administrative judge issued an acknowledgment order, which informed the appellant that retirements generally are presumed to be voluntary actions that are not appealable to the Board and that her appeal would be dismissed unless she alleged that her retirement was the result of duress, coercion, or misrepresentation by the agency. IAF, Tab 2 at 2. The administrative judge ordered the appellant to submit evidence and argument establishing jurisdiction over her appeal within 15 calendar days. *Id*.

¶5 In response, on October 8, 2015, the appellant submitted a letter stating, in pertinent part, that she had no further evidence to submit to establish jurisdiction

---

[2] Subsequently, on August 31, 2015, the agency vacated and reissued the notice dismissing the appellant's formal EEO complaint on the ground that the earlier version allegedly provided incorrect appeal rights. IAF, Tab 8 at 49-53.

over her Board appeal and that she wished to withdraw the appeal. IAF, Tab 5 at 1. However, the appellant also stated that she did not understand the appeal process, was confused by the acknowledgment order, and was concerned that she would be sanctioned for failure to timely respond to the order. *Id.*

¶6    Although not documented elsewhere in the record, the initial decision reflects that the administrative judge contacted the appellant by telephone and engaged in an ex parte discussion to clarify the procedures to be followed in her appeal. IAF, Tab 10, Initial Decision (ID) at 3. The initial decision further reflects that, during this discussion, the administrative judge orally granted the appellant an extension of time until October 30, 2015, to submit evidence and argument regarding the Board's jurisdiction over her appeal. *Id.*

¶7    On November 2, 2015, having failed to receive any further response from the appellant, the administrative judge issued an initial decision dismissing the appeal as withdrawn. ID at 1, 3. That same day, after the initial decision was issued, the regional office received a submission from the appellant, which it returned to her. IAF, Tab 12.

¶8    The appellant has filed a petition for review of the initial decision, which includes her submission that was previously rejected by the regional office. Petition for Review (PFR) File, Tab 1. In this submission, the appellant asserts, among other things, that she was forced to retire under duress and that the Board has jurisdiction over her appeal. *Id.* at 18-19. She also includes numerous documents relating to her EEO complaint, the vast majority of which were already contained in the record below. *Id.* at 60-269. The agency has filed a response in opposition to the petition for review, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal as withdrawn.</u>

¶9  On review, the appellant contends that she understood the administrative judge's ex parte communication granting her an extension of time to mean that any additional submissions regarding jurisdiction needed to be postmarked, as opposed to received, by October 30, 2015. PFR File, Tab 1 at 3-4, Tab 4 at 2-4. With her petition for review, the appellant submits a U.S. Postal Service receipt and tracking document, which reflect that her submission was placed in the mail on October 30, 2015, and a copy of an envelope addressed to the administrative judge with a postmark date of October 30, 2015. PFR File, Tab 1 at 7-8, 272.

¶10  Administrative judges are not prohibited from engaging in ex parte conversations regarding procedural matters, such as extensions of time. *See Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 6 (2010) (finding that ex parte communications regarding procedural matters, such as whether a party plans to file a response, are not prohibited); 5 C.F.R. § 1201.102 (prohibiting ex parte communications regarding the merits, as opposed to procedural aspects, of matters before the Board). However, where, as here, an administrative judge grants a party an extension of time during an ex parte communication, the better practice is to subsequently issue a written order documenting the extension to avoid any potential confusion regarding its terms. The administrative judge did not do so here, and the initial decision merely reflects that he granted the appellant until October 30, 2015, "to submit" any additional evidence and argument, which does not resolve the issue of whether the submission needed to be postmarked or received by that date. ID at 3.

¶11  The Board's regulations provide that the date of filing by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*). In light of this regulation, and the absence of any evidence that the administrative judge instructed the appellant to the contrary, it was reasonable for the appellant, who was not a registered e-filer, to assume that any additional submissions needed to

be postmarked, rather than received, by October 30, 2015. Accordingly, because the appellant has submitted evidence on review indicating that her submission was postmarked on October 30, 2015, we find that the administrative judge erred in dismissing her appeal as withdrawn. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010) (finding that the voluntary withdrawal of an appeal must be clear, decisive, and unequivocal); *see also Phillips v. Department of the Air Force,* 104 M.S.P.R. 229, ¶ 4 (2006) (finding that it was error for an administrative judge to issue an initial decision prior to the expiration date allowed for a party's response); *Hoke v. U.S. Postal Service*, 51 M.S.P.R. 362, 364 (1991) (finding that an appellant's written withdrawal of her appeal was not effective where she took timely and effective action to cancel or rescind the withdrawal). Therefore, we vacate the initial decision dismissing the appeal as withdrawn.

The appellant failed to raise a nonfrivolous allegation of jurisdiction over her appeal.

¶12    Although the administrative judge erred in dismissing the appeal as withdrawn, we find that a remand is unnecessary because, having reviewed the appellant's October 30, 2015 submission, her filings below, and the voluminous documentation relating to her EEO complaint, we find that the appellant failed raise a nonfrivolous allegation of jurisdiction over her appeal. *See Phillips*, 104 M.S.P.R. 229, ¶¶ 4-6 (finding that an administrative judge's failure to consider an appellant's filing regarding jurisdiction did not affect the appellant's substantive rights where the filing failed to raise a nonfrivolous allegation of jurisdiction over the appeal); *see also Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 7 (2010) (finding that the Board need not address whether a withdrawn appeal should be reopened and reinstated where the Board lacked jurisdiction over the appeal).

¶13    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Regarding the appellant's claim that the agency erred in dismissing her formal EEO complaint as untimely, IAF, Tab 1 at 2-4, the proper forum to challenge the agency's timeliness determination is the Equal Employment Opportunity Commission (EEOC), not the Board. *Nabors v. U.S. Postal Service*, 31 M.S.P.R. 656, 659–60 (1986) (holding that, if an agency dismisses an employee's EEO complaint as untimely, the employee has the right to appeal to the EEOC, but not to the Board), *aff'd*, 824 F.2d 978 (Fed. Cir. 1987); *see Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 6 (2002) (finding that an employee dissatisfied with a final agency decision dismissing a formal complaint of discrimination as untimely may appeal the dismissal to the EEOC); 29 C.F.R. § 1614.401(a) (stating that a complainant may appeal the agency's dismissal of an EEO complaint to the EEOC).[3] Furthermore, the record reflects that the appellant did appeal the agency's dismissal of her complaint to the EEOC's Office of Federal Operations (OFO), IAF, Tab 1 at 171, and, on December 10, 2015, after the initial decision in her Board appeal was issued, the OFO found that her EEO complaint was timely filed,[4] PFR File, Tab 5 at 7-13.

---

[3] We recognize that in the revised notice dismissing the appellant's formal EEO complaint as untimely, the agency erroneously informed the appellant that she had the right to appeal the dismissal to the Board. IAF, Tab 8 at 51-53. However, the agency's erroneous advice to the appellant concerning her appeal rights does not confer jurisdiction on the Board. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (finding that the Board's jurisdiction cannot be expanded by an agency's erroneous notice of appeal rights), *aff'd*, 370 F. App'x 85 (Fed. Cir. 2009) (Table); *Nabors*, 31 M.S.P.R. at 660 (same).

[4] After finding that the EEO complaint was timely filed, the OFO directed the agency to process the appellant's claims. PFR File, Tab 5 at 10. On review, the agency has filed a motion requesting that the Board "decline jurisdiction" over the appeal or, in the alternative, stay further proceedings, pending the agency's processing of the appellant's EEO claims. *Id.* at 4-5. In light of our ruling in this appeal, we decline to rule on the agency's motion. In any event, the appellant may appeal her alleged involuntary retirement to the Board because the agency failed to issue a final decision on the appellant's EEO complaint, which the OFO found to be timely, within 120 days of the date that she filed the complaint with the agency. *See* 5 C.F.R. § 1201.154(b).

¶14     Regarding the appellant's claim that her retirement was involuntary, an employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency.  *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009).  An appellant must raise a nonfrivolous allegation of jurisdiction to be entitled to a hearing, at which point she would be required to prove her claim by a preponderance of the evidence.  *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014).  In this context, a nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal.  *O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶ 5 (2002).

¶15     Where, as here, the appellant claims that her retirement was coerced by intolerable working conditions created by the agency, the issue is whether, considering the totality of the circumstances, her working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign or retire.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007).  Although the administrative judge's acknowledgment order was not particularly detailed, the order, in combination with the agency's motion to dismiss, provided the appellant with sufficient notice of what was required to raise a nonfrivolous allegation of jurisdiction over her involuntary retirement claim.  IAF, Tab 2 at 2, Tab 9 at 11-12, 16, 19-20; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643–44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (finding that an administrative judge's

Furthermore, we decline to stay this appeal for the up to 150 days that OFO afforded the agency to provide the appellant with a copy of the investigative file.  *See* PFR File, Tab 5 at 10.

failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order).

¶16    The appellant generally contends that the agency forced her to retire by subjecting her to a hostile work environment and "sexual and non-sexual harassment." PFR File, Tab 1 at 18-19; *see* IAF, Tab 1 at 3-4. In particular, in her filings and associated attachments,[5] the appellant alleges that, at various points between 2011 and 2015: (1) M.L. refused to speak with the appellant and sneered at her; (2) M.L. held up her hand when the appellant attempted to speak to her about a work-related matter; (3) M.L. stopped speaking to others when the appellant entered a cubicle and abruptly walked away; (4) M.L. criticized the appellant's grammatical wording in written technical procedures and insisted that she make changes; (5) S.B. would no longer allow a team to implement a practice that the appellant had initiated; (6) S.B. refused to take action to correct unspecified problems that M.L. caused; (7) M.L. spoke to S.B. in a flirtatious voice and manner; (8) the appellant's supervisors failed to take action to remedy S.B.'s and M.L.'s behavior; and (9) the appellant overheard personnel in a nearby cubicle making statements of a sexual nature, but her team's location was moved in the summer of 2014, after someone raised the issue with Human

---

[5] We have not limited our consideration of the appellant's allegations solely to those claims identified in the agency's notice of dismissal of her formal EEO complaint, IAF, Tab 8 at 41-42, 50-51, because the permissible scope of the Board's review of an appellant's EEO reprisal claims may extend to any reprisal similar or related to the substance of the allegations in the claim and which reasonably can be expected to grow out of the investigation triggered by the claim. *See Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 12 (2007) (finding that the permissible scope of the Board's review of an appellant's discrimination claims was not confined solely to the specific allegations accepted by the agency for investigation; rather, it may extend to any discrimination like or related to the substance of the allegations in the claim and which reasonably can be expected to grow out of the investigation triggered by the claim.).

Resources, and the problem ceased.[6] IAF, Tab 1 at 3-4, Tab 8 at 103-04, 129-31, 162, 208-11.

¶17    It is well settled, however, that an employee is not guaranteed a stress-free work environment and dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). While the purported acts of S.B., M.L., and various other agency personnel may have been stressful for the appellant, and that stress may have exacerbated her migraines, IAF, Tab 1 at 38, and made for an unpleasant and difficult work environment, she has failed to raise a nonfrivolous allegation that she was subjected to working conditions so intolerable that a reasonable person in her position would have felt compelled to retire. *See, e.g.*, *Vitale*, 107 M.S.P.R. 501, ¶ 26 (finding that, although an agency official may have caused an appellant apprehension and exacerbation of his medical ailments, he failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire).

¶18    Further, the appellant could have chosen to contest the alleged actions of S.B., M.L. and her supervisors, rather than retiring. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (explaining that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action). However, she did not contact the agency's EEO office until approximately 1½ months after she submitted her

---

[6] The appellant also alleges that on her last day of work: (1) M.L. initially refused to say goodbye to her and then did so rudely, IAF, Tab 8 at 103; and (2) contractor personnel questioned her about her informal EEO complaint in an accusatory and confrontational manner, IAF, Tab 1 at 3. However, these alleged actions could not have caused the appellant to feel compelled to retire because they occurred on her final day of work and she had already made the decision to retire months before they occurred. *See* IAF, Tab 8 at 107-09, 305-18.

retirement application, IAF, Tab 8 at 43, 102, 107-09, 305-18, and retired while the EEO counseling process was ongoing, approximately 1 month before she was notified of her right to file a formal complaint, IAF, Tab 8 at 200. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (2011) (finding that an appellant failed to raise a nonfrivolous allegation that her retirement was involuntary, where, among other things, she was pursuing discrimination complaints through the EEO process at the time that she retired), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).  In sum, considering the totality of the circumstances, we find that the appellant has failed to raise a nonfrivolous allegation that the agency denied her any realistic choice but to retire.

¶19     Accordingly, for the reasons discussed above, we dismiss the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.